**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THEODORE D. JACKSON, III** | ) | **CASE NO. 1:13 CV 970** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **JOSE A. VILLANUEVA**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Theodore D. Jackson, III filed this action under 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Jose A. Villanueva, Cuyahoga County Assistant Prosecutor Brian McDonough, Cuyahoga County Assistant Prosecutor Sanjeev Bhasker, and Cuyahoga County Prosecutor Timothy McGinty. In the Complaint, Plaintiff alleges he was held as a pretrial detainee in the Cuyahoga County Jail from the date of his arrest on June 12, 2011 until his conviction on May 17, 2013. He claims the Defendants violated his right to a speedy trial and denied him due process. He seeks monetary damages and unspecified injunctive relief.

**I. BACKGROUND**

Plaintiff was arrested on June 12, 2011, and held in jail on numerous charges, including

Aggravated Murder with Death Penalty Specifications. At his arraignment, he entered a plea of not guilty to all charges and was held without bond until trial. Plaintiff's attorneys requested multiple continuances before his trial on April 30, 2013.[1] Plaintiff filed *pro se* Motions with the trial court indicating he did not consent to the continuances or to a waiver of his speedy trial rights; however, the court did not rule on his motions. The jury returned a verdict on May 28, 2013 finding Plaintiff guilty of Aggravated Murder, Murder, Aggravated Burglary, Kidnaping, Kidnaping a Child under thirteen years of age, Attempted Aggravated Murder, and Having a Weapon under Disability. On June 18, 2013, Plaintiff was sentenced to life in prison without parole. He filed an appeal of his conviction to the Ohio Eighth District Court of Appeals on July 18, 2013. That appeal is still pending.

Plaintiff claims Judge Villanueva and the prosecutors who obtained his conviction violated his Constitutional rights to a speedy trial and to due process. He contends he was held in jail awaiting trial from the date of his arrest in June 2011 until his trial nearly two years later on May 17, 2013. He indicates his attempts to invoke his speedy trial rights were ignored. He argues that Judge Villanueva is not entitled to judicial immunity because he was deprived of subject matter jurisdiction over the case when he did not protect Plaintiff's speedy trial rights. He further claims the judge was not acting in his judicial capacity but as a "minister of his own prejudices" and "a trespasser of the law." (ECF No. 1 at 8). He seeks monetary damages in the amount of $ 125,000,000.00.

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

## II. STANDARD OF DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. LAW AND ANALYSIS

As an initial matter, a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff claims his constitutional and statutory rights to a speedy trial were violated. If these claims are found to have merit, they would call into question the validity of his conviction. As such, he must successfully challenge his conviction in the state courts or through a federal habeas corpus action before he can file a civil rights action to obtain relief for injuries caused by a speedy trial violation. Plaintiff's conviction has not been reversed. He filed a direct appeal of his conviction to the Ohio Eighth District Court of Appeals, and that appeal is still pending. He therefore cannot proceed with his claims in this action.

Furthermore, even if Plaintiff's claims were not barred by *Heck v. Humphrey*, the Defendants would be immune from damages. First, judicial officers, like Judge Villanueva, are absolutely immune from damages for claims arising from actions they performed while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is

taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

None of the exceptions to immunity apply in this case.  Plaintiff alleges Judge Villanueva did not grant his motions to enforce his speedy trial rights, and as a result, was not acting in his judicial capacity but rather as a "minister of his own prejudices" and "a trespasser of the law."  A judge is not immune from suits based on conduct unrelated to his work, for example, involvement in a traffic accident.  However, when that individual is performing his official duties as a judge in the course of presiding over a case, he is acting in his judicial capacity even if his actions are considered to be malicious or erroneous.  Judge Villanueva was performing duties as the judicial officer assigned to Plaintiff's criminal case when he ruled on Plaintiff's motions.  He is entitled to immunity for those actions.

Furthermore, criminal cases are within the subject matter of the Common Pleas Court and Judge Villanueva therefore did not lack all jurisdiction when he made the decisions to which Plaintiff objects.  Plaintiff argues the judge lost subject matter jurisdiction over his case when he failed to protect Plaintiff's speedy trial rights.  To the contrary, a judge lacks all subject matter jurisdiction over a case when he rules on a matter over which his court has no jurisdiction.  This does not occur when a judge renders an erroneous or legally defective decision; it occurs when the court itself lacks all jurisdiction to consider a particular type of matter.  Plaintiff's motions were filed in the course of the capital case pending before the Judge.  Common Please Court

Judges have jurisdiction over capital criminal cases. Plaintiff's arguments challenge the legal sufficiency of the Judge's decisions. Even if the Judge were incorrect in failing to rule on Plaintiff's speedy trial motions, he would not be deprived of immunity on this basis. Because Plaintiff has not demonstrated an exception to immunity, Judge Villanueva is absolutely immune from damages in this action.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken in connection with carrying out the duties of a prosecutor. *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

In this case, Brian McDonough and Sanjeev Bhasker were the prosecutors assigned to Plaintiff's criminal case. Timothy McGinty is the Cuyahoga County Prosecutor. Plaintiff does not include specific allegations concerning the conduct of any of these individuals. Instead, Plaintiff's claims against these Defendants appear to be based on their roles in pursuing the case

against him and not dismissing capital murder charges when he filed his motion claiming his speedy trial rights were violated. These were all actions they performed as advocates for the state. Consequently, they also are entitled to absolute immunity.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **UNITED STATES DISTRICT JUDGE**

DATED: September 4, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.